UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:18-cr-0347-JMS-MPB |
| | ) | |
| JEFFREY KELSO, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Jane Magnus-Stinson, directing the duty magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petition") filed on January 5, 2022, and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e).  Proceedings were held on January 14, 2022, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On January 14, 2022, defendant Jeffrey Kelso appeared in person with his appointed counsel, Sam Ansell.  The government appeared by Pamela Domash, Assistant United States Attorney.  The United States Probation Office ("USPO") appeared by Officer Brent Witter, who participated in the proceedings.

---

[1]     All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C.  § 3401(e).

1

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1.      The court advised Mr. Kelso of his right to remain silent, his right to counsel, and his right to be advised of the charges against him.  The court asked Mr. Kelso questions to ensure that he had the ability to understand the proceedings and his rights.

2.      A copy of the Petition was provided to Mr. Kelso and his counsel, who informed the court they had reviewed the Petition and that Mr. Kelso understood the violations alleged. Mr. Kelso waived further reading of the Petition.

3.      The court advised Mr. Kelso of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petition.  Mr. Kelso was advised of the rights he would have at a preliminary hearing.  Mr. Kelso stated that he wished to waive his right to a preliminary hearing.

4.      The court advised Mr. Kelso of his right to a hearing on the Petition and of his rights in connection with a hearing.  The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against him unless the court determined that the interests of justice did not require a witness to appear.

5.      Mr. Kelso, by counsel, stipulated that he committed Violation Numbers 1, 2, and 3 set forth in the Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription instructions regarding frequency and dosage."** |

On January 3, 2022, Mr. Kelso admitted to unlawfully possessing and using Adipex, a schedule IV controlled substance, on or about December 31, 2021, without a lawful prescription.

On December 15, 2021, Mr. Kelso submitted a urine sample that returned positive for amphetamine. He admitted to unlawfully possessing and using Adipex, a schedule IV controlled substance, on or about December 14, 2021, without a lawful prescription.

On November 30, 2021, Mr. Kelso submitted a urine sample that returned positive for amphetamine. He admitted to unlawfully possessing and using Adipex, a schedule IV controlled substance, that day, without a lawful prescription.

The Court was previously advised Mr. Kelso submitted a urine sample on October 29, 2021, that returned positive for amphetamine. Mr. Kelso admitted to unlawfully using and possessing Adderall continually over the course of a month without a lawful prescription.

The Court was also previously advised Mr. Kelso submitted a urine sample on August 31, 2021, that was confirmed positive for methamphetamine. He eventually admitted to the unlawful use and possession of Adderall without a lawful prescription.

2          **"You shall not use or possess alcohol."**

On January 3, 2022, Mr. Kelso admitted to consuming two malt liquor alcoholic beverages and three shots of brandy on or about December 31, 2021.

3          **"You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment.  Testing may include no more than 8 drug tests per month.  You shall not attempt to obstruct or tamper with the testing methods."**

Mr. Kelso failed to report for scheduled drug testing on November 10, and November 17, 2021.

6.     The court placed Mr. Kelso under oath and directly inquired of Mr. Kelso whether he admitted Violation Numbers 1, 2, and 3 of his supervised release set forth above.  Mr. Kelso admitted the violations as set forth above.

7.     The parties and the USPO further stipulated:

3

(a)     The highest grade of Violation (Violation 1) is a Grade B violation (U.S.S.G. § 7B1.1(a)(2)).

(b)     Mr. Kelso's criminal history category is VI.

(c)     The range of imprisonment applicable upon revocation of Mr. Kelso's supervised release, therefore, is 21 - 24 months' imprisonment.  (*See* U.S.S.G. § 7B1.4(a).)

8.      The parties jointly recommended a sentence of eighteen (18) months with no supervised release to follow.  Defendant requested placement at FCI Oxford.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, JEFFREY KELSO, violated the above-specified conditions in the Petition and that his supervised release should be and therefore is **REVOKED**, and he is sentenced to the custody of the Attorney General or his designee for a period of eighteen (18) months with no supervised release to follow.  This Magistrate Judge will make a recommendation of placement at FCI Oxford with substance abuse treatment and/or counseling.

Counsel for the parties and Mr. Kelso stipulated in open court waiver of the following:

1.  Notice of the filing of the Magistrate Judge's Report and Recommendation;

2.  Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B) and (C); and Federal Rules of Criminal Procedure 59(b)(2).

Counsel for the parties and Mr. Kelso entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of

any portion of the Report or specified proposed findings or recommendation upon which she

may reconsider.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above

recommendation revoking Mr. Kelso's supervised release, imposing a sentence of eighteen (18)

months no supervised release to follow.  This Magistrate Judge makes a recommendation of

placement at FCI Oxford with substance abuse treatment and/or counseling.  The defendant is to

be taken into immediate custody pending the district court's action on this Report and

Recommendation.

IT IS SO RECOMMENDED.


Date: 1/24/2022

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana



Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system